J-S34025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
DERRYS SANDERS, JR.　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　　　　:　　No. 85 WDA 2024

Appeal from the PCRA Order Entered December 14, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002290-2015

BEFORE:　DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:　　　　　　　　**FILED: November 27, 2024**

Derrys Sanders, Jr. ("Sanders") appeals *pro se* from the order dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Given our disposition, a detailed recitation of the factual and procedural history of this matter is unnecessary.  Briefly, in 2016, Sanders pled guilty to first-degree murder, and the trial court sentenced him to a term of thirty-five years to life in prison.  This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal on October 2, 2018.  ***See Commonwealth v. Sanders***, 188 A.3d 527 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 194 A.3d 1044 (Pa. 2018).  Sanders did not

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

seek further review in the United States Supreme Court. Sanders thereafter filed two unsuccessful PCRA petitions.

On September 28, 2023, Sanders filed a *pro se* "petition for writ of *habeas corpus as subjiciendum*" in which he challenged his guilty plea on the basis that it was not entered knowingly or intelligently because he believed he would receive a sentence of twenty-five years to life in prison rather than the imposed sentence of thirty-five years to life in prison. The PCRA court treated the filing as an untimely third PCRA petition.[2] The PCRA court thereafter issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Sanders did not respond to the Rule 907 notice. Accordingly, on December 14, 2023, the PCRA court entered an order dismissing the petition. Sanders filed a timely notice of appeal and, on January 17, 2024, the PCRA court ordered Sanders to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. After receiving no concise statement from Sanders within

---

[2] The PCRA subsumes the writ of *habeas corpus* to the extent that the grounds on which the petitioner seeks relief fall within the scope of claims for which the PCRA could offer a remedy. **See** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus*"); **see also Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa. Super. 2020) (holding that any claim for relief that is cognizable under the PCRA must be treated as a PCRA petition). Here, as the claims asserted in Sanders' petition for writ of *habeas corpus* are cognizable under the PCRA, the PCRA court properly treated it as a serial PCRA petition. **See** 42 Pa.C.S.A. § 9543(a)(2)(iii) (stating claim that conviction or sentence resulted from unlawfully induced guilty plea is cognizable under PCRA).

that timeframe, the PCRA court authored an opinion noting that Sanders failed to file a concise statement and indicating that his appeal was nonetheless meritless.

However, the Rule 1925(b) order was returned to the PCRA court and marked as "failed authentication." Upon informal inquiry from this Court, the PCRA court explained that the Rule 1925(b) order was returned due to the absence of a control number on the correspondence, which is necessary when the petitioner is incarcerated. Accordingly, on March 12, 2024, the PCRA court re-sent the Rule 1925(b) order to Sanders at his prison address and included the required control number. The Rule 1925(b) order directed Sanders to file a concise statement within twenty-one days (*i.e.*, by April 2, 2024). Additionally, to ensure that Sanders was permitted sufficient time in which to respond to the Rule 1925(b) order, as re-sent, the PCRA court requested a thirty-seven-day extension of time (until April 18, 2024) in which to transmit the certified record to this Court. On May 16, 2024, six weeks after the period in which to file the concise statement had expired, the PCRA court transmitted the certified record to this Court. As of that date, Sanders had not filed a concise statement of record, and there is no indication that he served any such statement on the PCRA court judge.

In his brief to this Court, Sanders raises the following issues for our review:

1. Whether [Sanders] is being denied access to the court, in violation of Article 1 § 11, in conjunction with Article 1 § 20,

25, and Article 5 § 9, of the Pennsylvania Constitution because the PCRA does not provide a remedy, Article 1 § 9 is necessary to enforce our constitutional mandate Article 1 § 14 that the privilege of the writ of *habeas corpus* shall not be suspended.

2. Whether [Sanders] has the right to petition of redress of grievances according to Article 1 § 20 of the Pennsylvania Constitution.

Sanders' Brief at 6 (unnecessary capitalization omitted).

Before we may address the merits of Sanders' issues, we must determine whether he preserved them for our review, as required by Rule 1925(b). **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that "from this date forward . . . [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925 . . . [and a]ny issues not raised in a 1925(b) statement will be deemed waived"); **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (finding that appellant waived all his claims on appeal for untimely filing his Rule 1925(b) statement); Pa.R.A.P. 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

Our Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) (emphasis added). In this regard, Rule 1925(b) requires an appellant to **both** file of

record in the lower court and serve on the trial judge a concise statement of the matters complained of on appeal. ***See Commonwealth v. Butler***, 812 A.2d 631, 633-34 (Pa. 2002). Where no concise statement has been filed, "the lack of filing results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal." ***See Schofield***, 888 A.2d at 774.

Here, the certified record reflects that on March 12, 2024, the PCRA court re-sent the Rule 1925(b) order to Sanders at his prison address and directed him to file of record and to also serve upon the trial court judge a concise statement within twenty-one days, or by April 2, 2024. ***See*** PCRA Court Docket No. CP-25-CR-0002290-2015; ***see also*** Order, as resent on 3/12/24, at 1. However, the docket and certified record reflect that Sanders did not file any concise statement of record or serve any statement on the PCRA court judge.

Notwithstanding Sanders' non-compliance, there are certain operative exceptions to Rule 1925(b) waiver with regard to timeliness. In determining whether an appellant has waived his issues on appeal based on non-compliance with Rule 1925, it is the trial court's order that triggers an appellant's obligation; therefore, we look first to the language of that order to ensure that it complied with the contents specified by Rule 1925(b). ***See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*); ***see also*** Pa.R.A.P. 1925(b)(1)-(3).

Instantly, the record reveals that, on March 12, 2024, the PCRA court ordered Sanders to file a Rule 1925(b) statement. **See** Order, as re-sent on 3/12/24, at 1. Specifically, the PCRA court directed Sanders to file of record and serve upon the PCRA court judge a concise statement of errors complained of on appeal within twenty-one days. **See id**. The order additionally provided the PCRA court judge's address at the courthouse. **See id**. The order also explained that any issue not raised or addressed in the statement shall be deemed waived. **See id**. Thus, the PCRA court's order conforms with Rule 1925(b)(1)-(3).

Additionally, a strict application of the bright-line rule in **Lord** necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders. **See In re L.M.**, 923 A.2d 505, 509-10 (Pa. Super. 2007). Thus, a failure by the prothonotary to give written notice of the entry of a court order and to note on the docket that notice was given will prevent waiver for timeliness pursuant to Rule 1925(b). **See id.**; **see also** Pa.R.Crim.P. 114(B)(1) (providing that the clerk of courts must promptly serve a copy of any order on the party if unrepresented); Pa.R.Crim.P. 114(C)(2) (providing that the clerk of courts shall promptly note on the docket the following information: (1) the date of receipt in the clerk's office of the court order; (2) the date appearing on the court order; and (3) the date of service of the court order).

In this case, a notation appears in the docket indicating that the January 17, 2024 Rule 1925(b) order was returned to the PCRA court and resent to Sanders on March 12, 2024. **See** PCRA Court Docket No. CP-25-CR-0002290-2015. As noted above, the PCRA court informed this Court that it re-sent the Rule 1925(b) order to Sanders at his prison address and included the required control number. Accordingly, we conclude that the PCRA court's order complies with the notice requirements, and we consider the date of entry of the Rule 1925(b) order to be March 12, 2024.

Having confirmed the validity of the PCRA court's Rule 1925(b) order and the fact that due notice was given to Sanders, we are constrained to find all of his issues waived for failure to timely file of record and serve upon the PCRA court judge a Rule 1925(b) statement. **See Schofield**, 888 A.2d at 774; **see also Butler**, 812 A.2d 631, 633-34. Because no concise statement was timely filed, this Court is unable to determine which issues were presented to the PCRA court. **See Schofield**, 888 A.2d at 774. Accordingly, as Sanders has waived all of his issues on appeal, we may not address the merits of those issues.[3]

_____

[3] We additionally note that, in his petition for writ of *habeas corpus*, Sanders did not acknowledge the untimeliness of his petition or attempt to plead and prove any exception to the PCRA's one-year time bar. **See** 42 Pa.C.S.A. § 9545(b)(1) (providing that any PCRA petition, including a second or subsequent petition, must be filed within one year of the date on which the judgment of sentence becomes final unless the petitioner alleges and proves one of three enumerated exceptions); **see also Anderson**, 234 A.3d at 737
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/27/2024

---

(explaining that titling a petition as a petition for a writ of *habeas corpus* does not avoid the PCRA's timeliness requirements). Accordingly, even if Sanders had complied with the Rule 1925(b) order, we would have concluded that the PCRA court lacked jurisdiction to consider the merits of the untimely petition. *See Commonwealth v. Cox*, 146 A.3d221, 231 (Pa. 2016) (holding that where a petition is untimely and the petitioner has failed to satisfy an exception to the PCRA's time bar, "no court could have jurisdiction to reach the merits of the issue[s] . . . raised therein").